IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>15-40953</u> |
| LOY E ALLMOND | ) | |
| | ) | |
| Debtor | ) | |

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By tblancha at 2:24 pm, Oct 22, 2015

## <u>OPINION AND ORDER FINDING THAT A REAFFIRMATION AGREEMENT IS NOT APPROPRIATE FOR THE ASSUMPTION OF A PERSONAL PROPERTY LEASE</u>

This matter came on for hearing on the proposed Reaffirmation Agreement between the Debtor and American Honda Finance Corporation ("Honda Finance"). The Debtor is not represented by counsel in this matter.

According to the representations made on the record at the hearing, the Debtor wants to reaffirm a debt owed to Honda Finance pursuant to a lease agreement for a 2013 Honda Ridgeline. Honda Finance has submitted a reaffirmation agreement as described in 11 U.S.C. § 524(c).[1] (ECF No. 15).

---

[1] Section 524(c) provides in pertinent part:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankrupcty law, whether or not discharge of such debt is waived, only if—
>
> (1) such agreement was made before the granting of the discharge . . .
>
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;

A reaffirmation agreement is not appropriate for the assumption of a personal property lease; the Debtor should assume the lease under 11 U.S.C. § 365(p)(2).[2] See In re Perlman, 468 B.R. 437, 441 (Bankr. S.D. Fla. 2012)(holding that chapter 7 individual debtors may assume personal property leases under

---

> (3) such agreement has been filed with the court . . .
>
> . . . .
>
> (4) the debtor has not rescinded such agreement at any time prior to discharge . . .
>
> (5) the provisions of subsection (d) of this section have been complied with; and
>
> (6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
> > (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
>
> > (ii) in the best interest of the debtor.
>
> (B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

11 U.S.C. § 524(c).

[2] Section 365(p)(2) provides in pertinent part:

> (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

11 U.S.C. § 365(p)(2)(A)-(B).

2

§ 365(p)(2) so as to avoid unnecessary court proceedings required for reaffirmation agreements). This procedure allows for the Debtor to deal directly with Honda Finance to pursue an assumption.

The Debtor must take the following steps to assume a personal property lease:

- Notify Honda Finance in writing that he wants to assume the lease.

- If Honda Finance will allow the assumption it will notify the Debtor. Honda Finance may condition the assumption on cure of any outstanding default terms set by the lease.

- The Debtor then has 30 days to notify Honda Finance that he agrees to the terms and is assuming the lease.

See 11 U.S.C. § 365(p)(2)(A)-(B).

**IT IS THEREFORE ORDERED**, that the Reaffirmation Agreement is **DISAPPROVED**, but the Debtor and Honda Finance may enter into a consensual lease assumption as outlined above.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This 22nd day of October, 2015.

3

AO 72A
(Rev. 8/82)